IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CARLA V.,**

                                        Plaintiff,                        Civ. No. 3:18-cv-01443-MK

     v.                                                       **OPINION AND ORDER**

**NANCY A. BERRYHILL**, Acting
Commissioner of Social Security

                                        Defendant.

_____

**KASUBHAI, Judge:**

       Plaintiff Carla V. ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") decision denying her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Social Security Act ("the Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the reasons discussed below, the Commissioner's decision is affirmed.

## PROCEDURAL AND FACTUAL BACKGROUND

       Plaintiff applied for SSI and DIB on September 1, 2015, alleging disability beginning June

Page 1 – OPINION AND ORDER

15, 2015. Tr. 13, 167, 172.[1] Her claims were denied initially and upon reconsideration. *Id.* Plaintiff timely requested a hearing before an ALJ and appeared before the Honorable S. Pines on June 12, 2017. Tr. 29-60. ALJ Pines denied Plaintiff's application in a written decision dated July 20, 2017. Tr. 13-23. Plaintiff sought review from the Appeals Council, which was denied, rendering the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of the decision.

## STANDARD OF REVIEW

A reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, a court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520 & 416.920. The initial burden of proof rests upon the claimant to meet the first four steps. *Id.* If the claimant satisfies her burden with respect to the first four steps, the burden shifts to the Commissioner at step five. *Id.*; *see also*

---

[1] "Tr." refers to the Transcript of the Social Security Administrative Record, ECF No. 16, provided by the Commissioner.

*Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). At step five, the Commissioner must show that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) & 416.920(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. *Id.* If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Id.*; *see also Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

In the present case, the ALJ found that Plaintiff was not disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 15. At step two, the ALJ found Plaintiff had severe impairments of degenerative disc disease, obesity, and diabetes mellitus. Tr. 15. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 16.

Prior to step four, the ALJ determined that Plaintiff's RFC allowed her to perform light work with the following limitations:

> The claimant can stand and walk for a combined total of less than 6 hours and can sit for 6 hours. The claimant could never balance. The claimant can occasionally stoop, kneel, crouch and crawl. The claimant can occasionally use foot controls. The claimant can occasionally climb ramps and stairs but never climb ladders, ropes or scaffolds. The claimant should not have concentrated exposure to extreme temperatures, vibration and hazards.

Tr. 17. At step four, the ALJ found that Plaintiff was unable to perform her past relevant work as a cabinet assembler, dishwasher/janitor, fast food worker, or delicatessen counter worker. Tr. 22. At step five, the ALJ found that, based on Plaintiff's age, education, work experience and RFC, jobs existed in significant numbers in the national economy such that Plaintiff could sustain

employment despite her impairments. Tr. 22-23. Specifically, the ALJ found Plaintiff could perform the representative occupations of table worker, bagger, and hand packager. Tr. 23. As a result, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. *Id.*

Plaintiff contends that the ALJ erred by: (I) erroneously discounting Plaintiff's subjective symptom testimony; and (II) improperly rejecting the medical opinion evidence of Kristine Kruger, M.D.

## I. Subjective Symptom Testimony

Plaintiff first argues that the ALJ improperly rejected her subjective symptom testimony. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). A general assertion the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See*

SSR 16-3p, *available at* 2016 WL 1119029. SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1-2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

At the administrative hearing, Plaintiff testified that she cannot work because she gets light-headed and feels like she is falling. Tr. 39. She requires a cane for balance. *Id.* Plaintiff stated that she cannot lift her leg "most of the time." Tr. 43. She takes frequent breaks when she's doing things around the house. Tr. 45. She testified to problems with concentration when she was on Gabapentin, problems with her speech, and high blood sugar. Tr. 47-48.

The ALJ rejected Plaintiff's subjective symptom testimony to the extent that it conflicted with the RFC. Tr. 18. First, he found that Plaintiff's activities of daily living conflicted with her testimony as to the nature and severity of her limitations. *Id.* Activities of daily living can form the basis for an ALJ to discount a claimant's testimony in two ways: (1) as evidence a claimant can work if the activities "meet the threshold for transferable work skills"; or (2) where the activities "contradict [a claimant's] testimony." *Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007). Here, Plaintiff was unsure whether she could do a job that permitted her to alternate between sitting and standing. Tr. 18, 39. Nevertheless, she was able to drive, do dishes, sweep, do laundry, and clean at her own pace. Tr. 17-18, 34, 40. The record shows that she frequently walked for exercise. Tr. 364, 383, 390, 403. She was able to go on vacation in Mexico and work after her alleged onset

Page 5 – OPINION AND ORDER

date. Tr. 18, 43, 49, 403. The ALJ reasonably inferred from Plaintiff's activities that she was less limited than alleged, and therefore provided a clear and convincing reason for rejecting her testimony. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (a claimant's activities can be grounds for discrediting their testimony to the extent they contradict claims of a totally disabling impairment); *see also Orn*, 495 F.3d at 639 ("daily activities may be grounds for an adverse credibility finding 'if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting'").

The ALJ next found that the objective medical evidence undermined Plaintiff's testimony. Lack of corroboration from objective medical findings can support an ALJ's credibility finding. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Here, the ALJ noted that imaging reports revealed no herniations or significant stenosis in Plaintiff's spine. Tr. 18. Plaintiff's MRI scan revealed only "subtle disc bulging," "very mild overall central canal stenosis," and "mild loss of disc space height" at two vertebrae. Tr. 19, 287, 424-25, 430. The ALJ also noted normal examination findings that did not support Plaintiff's claims of debilitating physical limitations. Tr. 18. For example, Plaintiff displayed full range of motion, full strength, and no joint pain in March 2015, two months prior to her alleged onset date. Tr. 432. In June 2015, one month after the alleged onset date, Plaintiff's physical examination was unremarkable for back pain or problems with movement. Tr. 364, 367. In August 2015, Plaintiff had mild scoliosis but displayed no tenderness, a negative straight-leg test, normal reflexes, normal strength, and normal gait. Tr. 18, 265. Treating physician Kristine Kruger, M.D., noted that disability was not "an option at this point." Tr. 18, 266. Plaintiff also failed to seek treatment for her back again until February 2016, despite allegations of disabling pain. Tr. 370. The lack of medical evidence to corroborate Plaintiff's

testimony provides additional weight to the ALJ's adverse credibility finding. *Rollins*, 261 F.3d at 857.

Third, the ALJ found that Plaintiff's symptoms were managed with conservative treatment, further undermining her subjective testimony. The effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms, 20 C.F.R. §§ 404.1529(c)(3), 461.929(c)(3), and a claimant's improvement with treatment undermines a claim of disability. *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). Here, the ALJ noted that Plaintiff "takes no narcotics," "was prescribed no adaptive equipment for her impairments" and that her "diabetes was described as generally controlled on only oral medication with no complications." Tr. 18. On this record, the ALJ reasonably inferred that Plaintiff's symptoms and limitations were less disabling than alleged in her testimony. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (A claimant's ability to manger her symptoms with conservative measures, such as physical therapy and over-the-counter medications, demonstrates that her symptoms are not as limiting as alleged). In sum, the ALJ justified his credibility finding with legally sufficient reasons supported by substantial evidence in the record.[2]

## II. Medical Opinion Evidence

Plaintiff next argues that the ALJ improperly rejected the medical opinion of treating physician Kristine Kruger, M.D. The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit distinguishes between the opinions of three

---

[2] While Plaintiff argues that the ALJ failed to consider her "excellent work history," it is clear from the hearing transcript, as well as his consideration of Plaintiff's past relevant work at step four of the sequential analysis, that the ALJ was aware of Plaintiff's employment prior to her alleged onset date. Tr. 22, 34-38.

types of physicians: treating physicians, examining physicians, and non-examining physicians. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Generally, "a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). If a treating physician's opinion is supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. *Id.*; *see also* 20 C.F.R. § 404.1527(d)(2). A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific and legitimate reasons" for discrediting the treating doctor's opinion. *Id.*

In addition, the ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician. *Orn*, 495 F.3d at 631. As is the case with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ may reject an examining, non-treating physician's opinion "in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995), *as amended* (Oct. 23, 1995).

Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, inconsistency with a claimant's daily activities, or that the opinion is brief, conclusory, and inadequately supported by clinical findings. *Bray v. Comm'r*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Tommasetti,* 533 F.3d at1040; *Andrews v. Shalala*, 53 F.3d 1035, 1042–43 (9th Cir. 1995). An ALJ errs by rejecting or assigning minimal weight to a medical opinion "while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis" for the ALJ's conclusion. *Garrison*, 759 F.3d at 1013; *see also Smolen*, 80 F.3d at 1286 (noting that an ALJ effectively rejects an opinion when he or she ignores it).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). In other words, "[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988) ). "[T]he opinion of a non-examining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician." *Morgan v. Comm'r*, 169 F.3d 595, 602 (9th Cir. 1999) (citations omitted); *but see id.* at 600 (opinions of non-treating or nonexamining physicians may serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record).

Dr. Kruger completed a treating source statement dated April 3, 2017. Tr. 435-38. She opined that Plaintiff would be off-task more than 25 percent of the time; would miss more than 4

days of work per month; could never lift or carry more than 10 pounds; could only sit, stand, and walk one hour each; required a cane to walk; and would have additional postural, manipulative, and environmental limitations. *Id.*

The ALJ rejected Dr. Kruger's opinion to the extent that it conflicted with the RFC. Tr. 20-21. Here, Dr. Kruger's opinion conflicted with the medical opinion of Linda Jensen, M.D., who reviewed the record and assessed mostly mild limitations consistent with light work. Tr. 83-86. The ALJ was therefore required to provide a specific, legitimate reason for rejecting Dr. Kruger's controverted opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

The ALJ provided at least one such reason. In his discussion of the medical evidence, the ALJ noted Dr. Kruger's opinion conflicted with the medical evidence in the record. Tr. 20-21. For example, contrary to Dr. Kruger's findings of extreme physical limitations, exam findings consistently documented normal strength in Plaintiff's arms. Tr. 265, 280, 303, 369, 428, 430. Dr. Kruger's own treatment notes also demonstrated that Plaintiff had a normal gait and regularly walked for exercise. Tr. 18-19, 265, 364, 383, 390, 403. This record arguably contradicts Dr. Kruger's opinion that Plaintiff was significantly limited in her ability to lift, stand, and walk. Plaintiff also exhibited normal concentration and attention span on examination in January 2017, contrary to Dr. Kruger's assessment of mental limitations that would cause her to be off task a significant amount of time. Tr. 428. On this record, the ALJ provided a legally sufficient reason for rejecting Dr. Kruger's controverted opinion. *Bayliss*, 427 F.3d at 1216. The ALJ's evaluation of the medical record was therefore supported by substantial evidence and is affirmed.

## CONCLUSION

For the reasons set forth above, the Commissioner's decision is AFFIRMED.

DATED this 25th day of September 2019.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI<br>
United States Magistrate Judge